Mervin ARNOLD; et al., Plaintiffs—
Appellants,

v.

CITY OF SCAPPOOSE; et al.,
Defendants—Appellees.

No. 02–35492.
D.C. No. CV–00–01640–FR.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Mervin and Nellie Arnold appeal pro se the district court's summary judgment dismissal of their 42 U.S.C. § 1983 action alleging that defendants committed various constitutional and state law torts when they arrested him, drew his blood for alcohol testing pursuant to a warrant, and provided medical treatment against his wishes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Arnold's claims that he was arrested without probable cause and unconstitutionally searched. The evidence submitted showed that police had probable cause to arrest Arnold because they found him collapsed on a laundromat floor, wavering in and out of consciousness, smelling of alcohol, with his van parked haphazardly against the side of a nearby building. *See Mackinney v. Nielsen*, 69 F.3d 1002, 1005 (9th Cir.1995). The police properly searched Arnold, his wallet, and his van pursuant to a valid arrest. *See United States v. Passaro*, 624 F.2d 938, 943–44 (9th Cir.1980). Further, a judge would likely issue a warrant to test Arnold's blood on the facts surrounding Arnold's arrest, even without his alleged admission to police that he drank alcohol. *See Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir.1995).

The district court properly granted summary judgment on Arnold's deliberate indifference claim because, even if the examining paramedics discovered Arnold's blood sugar was high, Arnold did not show that they deliberately intended to withhold that fact from others. *See Maddox v. City of Los Angeles*, 792 F.2d 1408, 1414 (9th Cir.1986).

The district court properly granted summary judgment on Arnold's involuntary medical treatment claim against Oregon Heath Sciences University staff because he did not raise a genuine issue that he was treated after refusing their help. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The district court correctly granted summary judgment on Arnold's conspira-

cy, privacy, and emotional distress claims because there were no facts in the complaint to support them. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citation omitted).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.